**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BARBARA EVERETTE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RACETRAC PETROLEUM, INC. )<br>)<br>Defendant. ) | Civil Action No.:<br>1:05-cv-02894-TCB-JFK |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE**
**TO OBJECTIONS TO THE NON-FINAL REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

Defendant RaceTrac Petroleum, Inc. ("RaceTrac"), files its Reply to Plaintiff Barbara Everett's ("Everett") Response to RaceTrac's Objections to United States Magistrate Judge Janet F. King's Non-Final Report and Recommendation ("Recommendation" or "R&R") in this matter.

## I.   ARGUMENT AND CITATION OF AUTHORITIES

**A.   RaceTrac's Objections to the Report and Recommendation Were Timely.**

In her Response to RaceTrac's Objections, Everett erroneously argues that RaceTrac's Objections are untimely. (Pl.'s Resp. to Def.'s Obj. to R&R at 1-3.) The Court should reject this baseless argument, as set forth below.

Everett admits that Rules 6(a) and (e) govern the calculation of the due date for RaceTrac's objections, but she has counted wrong.  Apparently she failed to account for the "legal holiday" that fell on February 19, 2007 this year.  That, of course makes all the difference, as follows:  1) Magistrate Judge King filed her Report and Recommendation on February 13, 2007. (Docket No. 57); 2) Excluding Saturdays, Sundays, and "Washington's Birthday," the "tenth day" fell on February 28, 2007; 3) Under Rule 6(e) and this Court's Local Rules, an additional three days is added to the applicable time period where service is made by electronic filing (FED. R. CIV. P. 6(e); L.R., App. H ("Electronic Case Filing and Administrative Procedures"); and 4) The period ended on *Saturday*, March 3, resulting in a filing deadline of March 5, 2007. (Because this last day was a Saturday, "the period [ran] until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.…" FED. R. CIV. P. 6(a).).

As such, the deadline for filing objections to the Report and Recommendation was *Monday, March 5*, the date RaceTrac filed them. (Docket No. 58).  Thus, the Objections are timely and due to be considered by the Court.

### B. Everett Improperly Uses Her "Response" to Argue Objections She Has Never Filed.

Everett chose not to file any objections to the Report and Recommendation. As such – as she points out – she has waived her right to challenge Magistrate Judge King's findings here or on appeal. (Pl.'s Resp. to Def.'s Obj. to R&R at 3); see Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) (citations omitted). Nonetheless, Everett has used her response – improperly – to address portions of the Report and Recommendation with which she disagrees.

In her Response Everett argues that she can establish temporal proximity between her protected activity and her termination, despite the passage of 16 months. (Pl.'s Resp. to Def.'s Obj. to R&R at 6-7.) In her Report and Recommendation, however, Magistrate Judge King found that *"it is clear"* that Everett cannot establish causal connection based on temporal proximity. (R&R at 30.) (emphasis added). Everett filed no objection to that finding, and this Court should reject her attempt to urge a reversal of it.

In addition, in her Response Everett attacks as insufficient RaceTrac's proffered reasons for her termination, arguing that her claims should therefore survive RaceTrac's motion. (Pl.'s Resp. to Def's Obj. to R & R at 8.) Magistrate Judge King found, however, that RaceTrac *"obviously satisfied its burden of producing a legitimate, nondiscriminatory reason for firing Plaintiff"*: Everett's

violation of RaceTrac's customer service policies. (R&R at 33, 34.) (emphasis added).  Everett's challenge to that finding in her Response is not proper.

In sum, Everett waived her right to a de novo review of Magistrate Judge King's findings by failing to file objections to the Report and Recommendation. She cannot overcome her failure by making arguments in the nature of objections in her Response.

**C.    Everett's Opposition to RaceTrac's Objections is Unavailing.**

Everett may, of course, respond properly to RaceTrac's objections.  In that regard, however, she has only interposed a response to one of RaceTrac's objections:  that the Magistrate Judge incorrectly applied the "cat's paw" analysis to the undisputed record facts.  In that respect, Everett offers only two points, neither of which meets the objection.  Notably, if Everett's position were accepted, this Court would expand the "cat's paw" concept to require the courts to allow virtually every retaliation claim to go to trial.

In its Objections RaceTrac established that the undisputed record evidence does not allow Everett to prove that Mark Reese was Andrew Byrd's "cat's paw" because Reese was, himself, well aware of Everett's history of poor customer service incidents before he terminated her for violating RaceTrac's customer service policies, and had decided that a further violation would result in her

discharge. (Def.'s Obj. to R&R at 9; Pl.'s Resp. to Def.'s Obj. to R&R at 10.) In opposition, Everett argues, curiously, that because Reese's knowledge was based on incidents that occurred prior to Everett's termination, that knowledge is "irrelevant to the reasons for her termination" and that RaceTrac's argument is contrary to Reese's testimony. (Pl.'s Resp. to Def.'s Obj. to R&R at 10.) These arguments are misplaced and must fail.

First, Everett has no record support for her argument that Everett's prior work history played no part in Reese's decision to terminate her. Indeed, the undisputed record evidence is *directly to the contrary*. Reese, about whom Everett has never claimed retaliatory animus, *had decided to terminate her because of her poor customer service history if she had another incident*. (Reese Dep. at 56-57.) There is *no* evidence that he decided to terminate her only for the incident that he undisputedly believed occurred on the day of her termination; her history was absolutely relevant. Everett's bare claim otherwise is of no moment in opposing summary judgment. FED. R. CIV. P. 56(e).

Second, Everett offers nothing but rank speculation and conjecture in positing, without record support, that "Reese's understanding, which necessarily came from Byrd," was that Everett was terminated for violating the Written Performance Warning she received because of the Natalie Hunter incident and not

for poor customer service. (Pl.'s Resp. to Def.'s Obj. to R&R at 11.) The undisputed record testimony in fact establishes that Reese knew that the incident that precipitated Everett's termination was *"another customer service incident."* (Reese Dep. at 53, 54.)[1] (emphasis added).  Moreover, Magistrate Judge King found – and Everett has not challenged that finding – that Byrd informed Reese that Everett's misconduct in November 2004 was a customer service violation. (R&R at 13.)[2]  Everett's response to RaceTrac's position on this issue is thus unavailing.

The undisputed record evidence establishes that Reese made the termination decision in the good faith belief that Everett had committed yet another – and as he had already decided, the last – customer service violation in her RaceTrac career. His decision undisputedly was informed, as are the decisions of all upper-level supervisors and managers throughout the American workplace, by his own observation and by his own analysis and judgment of the information provided to him by mid-level supervisors whom he had no reason to doubt. Nix v. WCCY Radio/Rahall Comm., 738 F.2d 1181, 1187 (11th Cir. 1984).  There is, in short, no

---

[1] Reese testified that he did not remember the specific facts of that customer service violation, but he did recall that it was a customer service violation.

[2] The remainder of Everett's response to RaceTrac's objection on this issue simply repeats the assertions made in her Response to RaceTrac's Motion for Summary Judgment.

basis on the undisputed record evidence under the applicable law for permitting the retaliatory discharge claim to proceed.

The "cat's paw" theory is extremely limited, and plainly does not apply here. The theory does not – and should not – deprive an employer of making employment decisions in the way Reese made this decision. If it did, only first-level managers with eye-witness evidence could make employment decisions – a preposterous result that renders an entire body of law pertaining to review of higher-level supervisors' decisions superfluous, cripples employers in their decision-making, and deprives employees of the benefit of a higher-level, dispassionate review of their employment situations. The result of so expanding the theory would be to put the federal courts in the role, which the Eleventh Circuit and this court have repeatedly rejected, of being the super-personnel departments of every business subject to any federal employment statute. EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1176 (11th Cir. 2000); Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991); Bozeman v. Per-Se Technologies, Inc., 456 F. Supp. 2d 1282, 1341 (N.D. Ga. 2006).

Everett has not provided the Court with any basis for expanding the "cat's paw" theory on the record evidence of this case. RaceTrac is, as it set forth in its

Objections, entitled to summary judgment on Everett's retaliatory discharge claims, as on her other claims.

## II.   **CONCLUSION**

RaceTrac respectfully urges the Court to grant summary judgment in favor of RaceTrac on each of Everett's claims, and such other and further relief as the Court deems appropriate.

This 12th day of March, 2007.

s/Faye L. Rodman<br>
Margaret H. Campbell<br>
Georgia Bar No. 105978<br>
Faye L. Rodman<br>
Georgia Bar No. 142389

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
600 Peachtree Street, N.E., Suite 2100
Atlanta, Georgia 30308
Telephone: (404) 881-1300
Facsimile:  (404) 870-1732
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BARBARA EVERETTE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:05-cv-02894-TCB-JFK |
| ) | |
| RACETRAC PETROLEUM, INC. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF COMPLIANCE

This certifies that **Defendant's Reply to Plaintiff's Response to Objections to the Non-Final Report and Recommendation of Magistrate Judge** was prepared using Times New Roman 14 point font in accordance with L.R. 5.1(C).

This 12th day of March, 2007.

s/Faye L. Rodman
Faye L. Rodman
Georgia Bar No. 142389

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BARBARA EVERETTE          )<br>                                          )<br>     Plaintiff,                    )<br>                                          )<br>v.                                       )<br>                                          )<br>                                          )<br>RACETRAC PETROLEUM, INC. )<br>                                          )<br>     Defendant.                 ) | Civil Action No.:<br>1:05-cv-02894-TCB-JFK |

## CERTIFICATE OF SERVICE

This certifies that on March 12, 2007, I electronically filed the foregoing **Defendant's Reply to Plaintiff's Response to Objections to the Non-Final Report and Recommendation of Magistrate Judge** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Karen Marie Patten (kpatten@kmplaw.net)

                                              s/Faye L. Rodman
                                              Faye L. Rodman
                                              Georgia Bar No. 142389